**GAFFORD BUILDERS, INC.**                                         **CIVIL ACTION**

**VERSUS**                                                                 **NO. 19-82-BAJ-EWD**

**AJSD, LLC, ET AL.**

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon a sale of property to Plaintiff Gafford Builders, Inc. ("Plaintiff") that allegedly suffered from a number of defects due to the negligence of several Defendants.[1] On or about October 29, 2018, Plaintiff filed its Petition for Damages ("Petition") against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] In general, Plaintiff alleges that the residential lot it purchased from Defendants, and on which it was under contract to build a home, suffered from defects that were not disclosed to Plaintiff by Defendants.[3]

On February 5, 2019, Defendant Columbia Consultants, LLC ("Columbia") removed the matter to this Court explicitly asserting that this Court has federal question jurisdiction under 28 U.S.C. § 1331.[4] On February 6, 2019, Columbia filed an Amended Notice of Removal ("Amended Notice"), which differs from the original Notice solely in that it specifies the names of the other seven Defendants: AJSD, LLC, Dunbar Construction, LLC, DAGR, LLC, Asphalt Contractors, LLC, RD & KW Investments, LLC, Anderson Dunham, Inc., and the fictious ABC Insurance

---

[1] R. Doc. 2-1, pp. 7-10, ¶¶ 20-34.
[2] R. Doc. 2-1.
[3] R. Doc. 2-1, pp. 7-10, ¶¶ 20-34.
[4] R. Doc. 1, introductory paragraph and ¶¶ 1, 6.

Company.[5] Columbia asserts that the consent of its co-defendants to the removal is unnecessary because "Columbia is the only defendant against whom causes of action arising from questions of federal law are asserted. No joinder or consent is required by other defendants per 28 USC 1441(c)(2)."[6]

The Notice of Removal makes the following allegation in support of federal question jurisdiction:

> 3.
>
> According to the Petition filed by [Plaintiff], Plaintiff is alleging a cause of action against Columbia arising from Columbia's alleged negligence in meeting its duties under the Code of Federal Regulations (40 C.F.R. §§ 312, 312.20 and 312.21). *See* ¶25 of Plaintiff's Petition.[7]

Paragraph 25 of Plaintiff's Petition provides:

> 25.
>
> Defendant Columbia Consultants owed a duty pursuant to 40 Code of Federal Regulations Part 312, including 40 CFR §§ 312.20 and 312.21, to conduct an appropriate inquiry concerning the general conditions and possible hazards in the Subject Property and the property adjoining the Subject Property. Columbia Consultants knew or should have known that the property would be used for residential development giving rise to a duty to future property owners of the Subject Property and other lots in the Subdivision.[8]

And, although not cited by Columbia, Paragraphs 26-27 of Plaintiff's Petition provide:

> Columbia breached the aforementioned duty in the following illustrative, but not exclusive, acts:
>
> a) Failure to investigate and certify the closure and/or removal of the Gasoline Tank.

---

[5] R. Doc. 2, ¶ 1.
[6] R. Doc. 2, ¶ 12.
[7] R. Doc. 2, ¶ 3.
[8] R. Doc. 2-1, p. 8, ¶ 25.

> b) Failure to strongly recommend a Phase II ESA investigation based on the prior industrial use of the Subject Property and its known intended purpose as a residential development;
> c) Failure to adequately determine if the Subject Property and/or the property on or around the Subdivision ever contained petroleum products or hazardous substances as a result of the historical operations at the Subject Property or the property around the Subdivision.
> d) Failure to property identify any and all recognized environmental conditions on the Subject Property and/or the property on or around the Subdivision.
> e) Misrepresenting the condition of the Subject Property as "remarkably clean" when it was documented that there were totes, chemicals and piles of debris, tires, equipment and parts in various locations on the Subject Property and/or the property on or around the Subdivision.
> f) Other acts of negligence to be shown at trial of the matter.
>
> 27.
>
> Defendant Columbia Consultants breached its duty of the standard of care, which was the proximate and legal cause of Gafford Builders' damages set forth hereinabove.[9]

A defendant may remove any civil action brought in a state court of which the district courts of the United States have original jurisdiction.[10] Pursuant to 28 U.S.C. § 1331, this Court has "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." A federal question exists when there "appears on the face of the complaint some substantial, disputed question of federal law,"[11] and, "Under the longstanding well-pleaded complaint rule [] a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'"[12] Whether a case is removable on the basis of federal question jurisdiction is "determined by the allegations of plaintiff's 'well-pleaded

---

[9] R. Doc. 2-1, pp. 8-9, ¶¶ 26-27.
[10] *See* 28 U.S.C. § 1441(a).
[11] *Pidgeon v. East Baton Rouge Parish Sheriff's Office*, No. 17-342, 2017 WL 3996436, *2 (M.D. La. Aug. 21, 2017) (*citing In re Hot-Hed, Inc.,* 447 F.3d 320, 332 (5th Cir. 2007).
[12] *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009) (other citations omitted)

complaint' as of the time of removal."[13] As this Court recently explained, "because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law."[14]

Plaintiff's Petition specifically asserts several Louisiana state law causes of action against Defendants in connection with the Petition's factual allegations, including redhibition, negligence, negligent misrepresentation, breach of contract, and unjust enrichment.[15] On the face of the Petition, Plaintiff does not assert any federal causes of action or rights to relief under federal law against any of the Defendants. Columbia premises federal question jurisdiction on Plaintiff's references in the Petition to Columbia's alleged duties set out in the Code of Federal Regulations;[16] however, Plaintiff's Petition does not assert a right to relief under any cause of action provided for in those Regulations, or any other federal law. Moreover, "When a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute."[17] Further, "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."[18] Plaintiff is the master of its complaint, and it is not clear from the face of Plaintiff's Petition that Plaintiff has a private cause of action under federal law pursuant to which Plaintiff seeks relief, and thus whether federal

---

[13] *Pidgeon*, 2017 WL 3996436 at *2 (*citing Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001).
[14] *Pidgeon*, 2017 WL 3996436 at *2 (*citing Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).
[15] R. Doc. 2-1, pp. 7-10, ¶¶ 20-34.
[16] R. Doc. 2-1, p. 8, ¶ 25 (alleging that Columbia "owed a duty" pursuant to 40 C.F.R. § 312, § 312.20 and/or § 312.21). *See also* R. Doc. 2-1, pp. 8-9, ¶¶ 26-27 (alleging Columbia breached those duties).
[17] *Lowe v. ViewPoint Bank,* 972 F.Supp.2d 947, 954 (N.D. Tex. 2013) *citing Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 817, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).
[18] *Lowe,* 972 F.Supp.2d at 954 *citing Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979) (quotation omitted).

question jurisdiction exists. Therefore, Columbia must properly identify a basis for this Court to exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise federal question jurisdiction in this matter.[19]

Accordingly,

**IT IS HEREBY ORDERED** that, **on or before February 18, 2019,** Defendant Columbia Consultants, LLC shall file a memorandum and supporting evidence that shall address whether this Court has federal question subject matter jurisdiction, as well as the basis for the exercise of such jurisdiction.

**IT IS FURTHER ORDERED** that **on or before February 28, 2019,** Plaintiff Gafford Builders, Inc., shall file either (1) a Notice stating that Plaintiff does not object to Defendant's assertion that the Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331; or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, February 7, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").